UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RYAN FLEENOR,                             No. 2:09-cv-02365-MCE-KJM

    Plaintiff,

  v.                                      MEMORANDUM AND ORDER

COUNTRYWIDE HOME LOANS, INC., et al.,

    Defendants.

----oo0oo----

This dispute arises from a mortgage loan transaction in which Plaintiff Ryan Fleenor ("Plaintiff") refinanced his home in November 2006.  Presently before the Court are concurrent motions by Countrywide Home Loans, Inc. and Mortgage Electronic Registration Service, Inc. ("Defendants"), to dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

1

1    Plaintiff initiated suit in Superior Court, County of
2 Sacramento on June 2, 2009, and on August 25, 2009 the matter was
3 removed to District Court.  Subsequently, on September 30, 2009,
4 Plaintiff filed for Chapter 7 bankruptcy in the United States
5 Bankruptcy Court, Eastern District of California.
6    The filing of a petition in bankruptcy commences the case
7 and creates a bankruptcy estate.  11 U.S.C. § 541(a)(1).  The
8 bankruptcy estate consists of all legal or equitable interests of
9 the debtor in property as of the commencement of the case. Id.
10 After a Chapter 7 bankruptcy filing, all causes of action become
11 property of the bankruptcy estate. See id.; see also Smith v.
12 Arthur Anderson LLP, 421 F.3d 989, 1002 (9th Cir. 2005)
13    On June 15, 2010, this Court issued an Order (Docket No. 49)
14 directing parties to submit supplemental briefing as to why this
15 matter should not be before the United States Bankruptcy Court
16 for the Eastern District of California as an asset to be
17 adjudicated in Bankruptcy Petition #09-41092.  The deadline for
18 briefing was June 25, 2010.  Plaintiff failed to file briefing or
19 otherwise respond as required.
20    Paramount to the efficient and effective application of
21 bankruptcy laws is the ability of bankruptcy courts to marshal
22 all assets as a single estate.  In this matter, it would not be
23 appropriate for the District Court to intervene.  This Court
24 cannot impose a rule which would allow the hodge podge treatment
25 of assets. The administration of the bankruptcy estate must be
26 done uniformly.
27 ///
28 ///

1    Accordingly, on the Court's own motion Plaintiff's suit is
2 DISMISSED without prejudice as an asset to be adjudicated in
3 Bankruptcy Petition #09-41092.  Defendants' Motions to Dismiss
4 (Dockets Nos. 25 and 27) are DENIED as moot.
5    IT IS SO ORDERED.
6  Dated: August 5, 2010

                              _____
                              MORRISON C. ENGLAND, JR.
                              UNITED STATES DISTRICT JUDGE

3